**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**

June 10, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____
DEPUTY

| | |
|---|---|
| **VICTOR ROMERO,** § | |
| **TDCJ No. 02303742,** § | |
| § | |
| **Petitioner,** § | |
| § | |
| **v.** § | **CIVIL NO. SA-22-CA-0967-OLG** |
| § | |
| **BOBBY LUMPKIN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| **Respondent.** § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Victor Romero's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1). In the § 2254 petition, Petitioner challenges the constitutionality of his 2020 state court convictions for assaulting a family member and burglary, arguing that the evidence was insufficient to support the conviction, the trial court erred in admitting extraneous offense evidence, and that he received ineffective assistance from his direct appeal counsel. Also before the Court are Respondent Bobby Lumpkin's Answer (ECF No. 9) and Petitioner's Reply (ECF No. 12) thereto.

Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

## I. **Background**

In January 2020, an Atascosa County jury convicted Petitioner of one count of assault of a family member and one count of burglary of a habitation. (ECF No. 10-6 at 9-10). Following

a separate punishment hearing, the jury sentenced Petitioner as a habitual offender to ninety-nine years of imprisonment for the assault offense and twenty-five years of imprisonment for the burglary offense, with the sentences to run concurrently. *State v. Romero*, No. 18-05-00132-CRA (218th Dist. Ct., Atascosa Cnty., Tex. Jan. 23, 2020); (ECF Nos. 10-1 at 102-07, 10-6 at 126-27).

The Texas Fourth Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion on direct appeal. *Romero v. State*, No. 04-20-00111-CR, 2021 WL 1269912 (Tex. App.—San Antonio, Apr. 7, 2021, pet. ref'd); (ECF No. 10-9). The Texas Court of Criminal Appeals then refused his petition for discretionary review. *Romero v. State*, No. 0315-21 (Tex. Crim. App. July 28, 2021).[1]   Thereafter, Petitioner challenged the constitutionality of his convictions by filing an application for state habeas corpus relief. *Ex parte Romero*, No. 93,766-01 (Tex. Crim. App.); (ECF No. 10-21 at 123-41). The Texas Court of Criminal Appeals eventually denied the application without written order. (ECF No. 10-17).

Petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief on August 26, 2022. (ECF No. 1 at 30). Therein, Petitioner raises three allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings: (1) his direct appeal counsel rendered ineffective assistance by failing to advance stronger meritorious claims in favor of weaker ones, (2) the evidence was constitutionally insufficient to establish every element of the charged offenses, and (3) the trial court abused its discretion in admitting highly prejudicial and incriminating evidence at the guilt/innocence phase of trial.

---

[1]      *See* http://www.search.txcourts.gov, search for "Romero, Victor" last visited June 5, 2024.

## II. <u>Standard of Review</u>

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas

relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Merits Analysis

#### A.    Sufficiency of the Evidence (Claim 2)

The Court will first address Petitioner's allegation that the evidence was insufficient to support his convictions for assaulting a family member and burglary. According to Petitioner, the State based its case entirely on the uncorroborated testimony of the complainant and did not establish the elements of each offense. Petitioner's allegation was raised and rejected during his state habeas proceedings. As discussed below, Petitioner fails to demonstrate the state court's rejection of this allegation was contrary to, or an unreasonable application of, Supreme Court precedent.[2]

1.    Relevant Facts

Petitioner was charged by indictment with the third-degree felony of assaulting Katherine Lewis, a person with whom he had a previous dating relationship. (ECF No. 10-1 at 6). To establish this offense, the State was required to prove that: (1) Petitioner "intentionally, knowingly, or recklessly cause[d] bodily injury" to Lewis, (2) that he and Lewis were in a

---

[2]    Respondent argues that the claim is procedurally defaulted because state law requires such claims to be raised on direct appeal, not in a state habeas application. (ECF No. 9 at 6). However, the state court did not "clearly and expressly" rely on this procedural rule when denying Petitioner's state habeas application, as the state habeas trial court did not issue findings and conclusions and the Court of Criminal Appeals denied the application without written order. (ECF No. 10-17); *see Davila v. Davis*, 582 U.S. 521, 527 (2017) (reiterating that a procedural default occurs where a state court "clearly and expressly" bases its dismissal of a claim on a state procedural rule). For this reason, the Court does not believe the claim is defaulted and will review the merits of Petitioner's allegation under the AEDPA.

relationship as described in Section 71.0021(b) of the Texas Family Code,[3] and (3) he "intentionally, knowingly, or recklessly imped[ed] the normal breathing or circulation of the blood of [Lewis] by applying pressure to [Lewis]'s throat or neck[.]" *Id.*; *see also* Tex. Penal Code § 22.01.

Petitioner was also charged with burglary of a habitation, a second-degree felony under Texas Penal Code § 30.02. (ECF No. 10-1 at 6). A person commits an offense under this statute if they intentionally and knowingly enter a habitation, without the effective consent of the owner, and "commits or attempts to commit a felony, theft, or an assault." *Id.*; *see also* Tex. Penal Code § 30.02.

      2.     The *Jackson* Standard

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Supreme Court enunciated the standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding. The Court stated the issue to be "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* In applying this standard, the Court went on to say that "[t]his familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* Thus, all credibility choices and conflicts in inferences are to be resolved in favor of the verdict. *United States v. Resio-Trejo,* 45 F.3d 907, 911 (5th Cir. 1995); *United States v. Nguyen,* 28 F.3d 477, 480 (5th Cir. 1994).

---

[3]     Section 71.0021(b) defines a "dating relationship" as a "relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature." Tex. Fam. Code § 71.0021(b).

In addition, the AEDPA imposes a "twice-deferential standard" when a federal court reviews a state prisoner's claim challenging the sufficiency of the evidence. *Parker v. Matthews*, 567 U.S. 37, 43 (2012). As the Supreme Court has explained:

> The opinion of the Court in *Jackson v. Virginia* . . . makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was "objectively unreasonable."

*Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (citations omitted).

3.   Analysis under *Jackson*

Petitioner claims the evidence is insufficient to support his convictions because "the State's entire case was predicated on the shoulders of [Lewis]'s uncorroborated testimony." (ECF No. 1 at 18). According to Petitioner, the only evidence that he entered Lewis's home and assaulted her came from Lewis herself, while the defense presented witnesses and evidence showing that he was over forty-five minutes away at a different location at the time of the alleged assault. For this reason, Petitioner believes the evidence was insufficient to establish any of the elements of the charged offenses. Petitioner is mistaken.

It is true that the State's case centered on the complainant, Lewis, who testified extensively about the assault that Petitioner, her ex-boyfriend, committed on August 29, 2017. (ECF No. 10-5 at 25-122). Lewis testified that shortly after she returned home from work, Petitioner entered her home uninvited, stating "I told you I'll be here when you least expect it," and began choking her. *Id.* at 42. Petitioner choked her until she almost passed out, then threw her on the ground, slapped her, and kicked her. *Id.* at 44, 49. He then picked Lewis up and threw her against the bathroom sink, shattering the mirror above it and cutting both of her legs.

6

*Id.* at 50-51. Petitioner continued to choke her until she passed out, then left. *Id.* at 52. Lewis testified that, once she awakened, she called her boyfriend Alfred "Leo" Hernandez, who told her to call the police. *Id.*

Contrary to Petitioner's assertions, however, the State's case was more than just Lewis's testimony. To corroborate Lewis's testimony, the State presented photographs of the broken mirror in the bathroom and of the injuries to Lewis's legs and neck. *Id.* at 56-60. They also entered Lewis's 911 call into evidence and played it for the jury. *Id.* at 55. In addition, the State presented testimony from the first police officer to arrive on the scene, Officer Ricardo Olveda, as well as from Lewis's boyfriend, Leo Hernandez, who arrived shortly thereafter. *Id.* at 123-60. Both testified that Lewis was crying and scared when they arrived, had cuts on her legs and redness around her neck, and identified Petitioner as her assailant. *Id.* This evidence, along with Lewis's testimony, is more than enough for the jury to conclude that Petitioner committed both assault and burglary under the Texas Penal Code.[4]

As such, Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or that it was an unreasonable determination of the facts based on the evidence in the record. Moreover, this Court has independently reviewed the record and finds the evidence sufficient to support the verdict. Thus, viewing all of the evidence under the doubly-deferential standard that applies on federal habeas review, Petitioner has not shown that the state court's decision was objectively unreasonable or that he is entitled to relief under *Jackson*. Federal habeas relief is therefore denied.

---

[4]     Petitioner disagrees, citing evidence he presented in rebuttal allegedly establishing an alibi during the time of the assault. (ECF No. 1 at 15-17). However, such an argument is simply a disagreement with the fact-finder's resolution of conflicts in the evidence, and, as such, is foreclosed by settled principles of appellate review. *See United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999) (in reviewing sufficiency of the evidence, a court "must accept credibility choices that support the [verdict,] and ... may not reweigh the evidence.").

**B.**   **Trial Court Error** (Claim 3)

Petitioner next contends that the trial court erred by allowing the admission of extraneous-offense evidence during the guilt/innocence phase of trial. Specifically, Petitioner argues that the admission of a threat Petitioner allegedly made to the victim, Katherine Lewis, prior to the instant offense violated Rule 4.04(b) of the Texas Rules of Evidence. This allegation was raised during Petitioner's state habeas proceedings and rejected by the Texas Court of Criminal Appeals. As discussed below, Petitioner fails to demonstrate the state court's rejection of this allegation was either contrary to, or an unreasonable application of, Supreme Court precedent.

1.   Relevant Facts

Prior to trial, the State submitted a notice of 22 extraneous acts it intended to introduce at either the guilt/innocence or punishment phases of trial. (ECF No. 10-1 at 56-60). During the guilt/innocence phase, the trial court held a hearing outside the jury's presence to address several of those extraneous acts. (ECF No. 10-5 at 65-87). At the hearing, the State sought to admit certain acts—specifically, acts 12, 13, 16, 21 and 22 from the State's notice—that illustrated the violent and threatening nature of the relationship between Petitioner and Lewis. In particular, the extraneous act at issue here, number 22, states the following:

> On or about May 1, 2017 [Petitioner] burned all of [Lewis]'s clothes at her house, then showed up at her work and threatened her and told her that he was going to kill her. He told her that she would not know when or be able to see it coming but he was going to show up when she least expected it and kill her.

(ECF No. 10-1 at 58).

After hearing extensive arguments from both parties, the trial court sustained defense counsel's objections to each of the extraneous acts except for a portion of act number 22:

Objection as to Nos. 12, 13, 16 and 21 are sustained. As to No. 22, it is sustained as to the first part of that sentence, "On or about May 1st, 2017, [Petitioner] burned all of [Lewis]'s clothes at her house." It is sustained as to that.

As to the remainder of No. 22, "Then he showed up at her work and threatened her and told her he was going to kill her. He told her that she would not know when or be able to see it coming, but he was going to show up when she least expected it and kill her," I find—I overrule the objection and I find that it is limited—it is admissible under 404(b) for the limited purpose of proving motive, intent, preparation, plan.

(ECF No. 10-5 at 80).

Following the hearing, Lewis testified about the last time she had seen Petitioner before the instant offense. *Id*. at 87-93. Petitioner showed up at Lewis's work to confront her about her relationship with Leo Hernandez and stated, "One of these days, when you least expect it, I'm going to get you. I'm going to kill you." *Id*. at 91. Fearful of Petitioner's threat, Lewis changed the locks on her house and asked Hernandez to stay at the house with her over the summer. *Id*. at 92. Nevertheless, Petitioner showed up at her house on August 29, 2017, and referenced his earlier threat. *Id*. According to Lewis, Petitioner stated, "I told you. I told you you'd get it when you least expected it. I told you I'd show up." *Id*.

2. State Law Issue

Petitioner contends the trial court erred by allowing the admission of extraneous act number 22 during Lewis's testimony. Petitioner's claim essentially argues the state trial court erred in applying the state law concerning the admission of "crimes, wrongs, or other acts" under Rule 4.04(b) of the Texas Rules of Evidence. Because the claim is predicated on state law, federal habeas corpus relief is unavailable.

It is well settled that claims challenging a state court's determination of state law are not cognizable in a federal habeas corpus proceeding, and that federal courts must defer to the state-court determination of Texas law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (stating

that the Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law.") (citations omitted); *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998) (failure to follow Texas law is not reviewable). Federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice. 28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1983). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Trevino v. Johnson*, 168 F.3d 173, 184 (5th Cir. 1999) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Consequently, even if the state court misapplied state law as Petitioner now suggests, it would have no impact on this proceeding. Relief therefore could be denied on this fact alone.

      3.    No Error

Nevertheless, Petitioner has not demonstrated that the trial court erred when it admitted the evidence in question. Petitioner correctly notes that, under Texas law, evidence of other crimes, wrongs or acts, although relevant, is not admissible to prove the character of a person in order to show action in conformity therewith. *See* Tex. R. Evid. 404(b)(1). Extraneous offense evidence may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See* Tex. R. Evid. 404(b)(2); *Moses v. State,* 105 S.W.3d 622, 626 (Tex. Crim. App. 2003). This list of other purposes for which an extraneous offense might be admissible is not exhaustive. *Castaldo v. State,* 78 S.W.3d 345, 349-50 (Tex. Crim. App. 2002).

Here, the trial court found that Petitioner's prior threatening statement to Lewis was admissible for the limited purpose of proving motive, intent, preparation, or plan. (ECF No. 10-5 at 80). Petitioner fails to demonstrate that such a ruling was contrary to Rule 404(b) of the Texas Rules of Evidence. *See Norvell v. State*, No. 06-21-00051-CR, 2022 WL 1509299, at *6 (Tex.

App.—Texarkana 2022) (finding "extraneous-offense evidence regarding the nature of the relationship between an accused and a complainant" is admissible under Rule 404(b)) (citing *James v. State*, 623 S.W.3d 533, 545 (Tex. App.—Fort Worth 2021, no pet.)); *Lazcano v. State*, 836 S.W.2d 654, 659-62 (Tex. App.—El Paso 1992) (finding extraneous offense evidence was admissible to prove identity, intent, motive, or common plan or scheme if it has relevance apart from proving character conformity); *Davis v. State*, 890 S.W.2d 489, 493 (Tex. App.—Eastland 1994) (evidence of the extraneous threats was admissible to show appellant's intent).

    4.    Any Error Was Harmless

Regardless, even assuming that the trial court erred in admitting the evidence in question, Petitioner would still not be entitled to relief because the error was harmless. A federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling also violates a specific federal constitutional right or renders the petitioner's trial fundamentally unfair. *Brown v. Epps*, 686 F.3d 281, 286 n.20 (5th Cir. 2012). The challenged evidence must be a crucial, critical, or highly significant factor in the context of the entire case. *Gonzales v. Thaler*, 643 F.3d 425, 430 (5th Cir. 2011); *Jackson v. Johnson,* 194 F.3d 641, 656 (5th Cir. 1999). The test to determine whether a trial error makes a trial "fundamentally unfair" is whether there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Brown v. Dretke*, 419 F.3d 365, 377 (5th Cir. 2005).

Petitioner does not make this showing. To the contrary, the record indicates an overwhelming amount of evidence establishing the elements of each of the offenses for which Petitioner was convicted that had nothing to do with Petitioner's previous threat to Lewis, including Lewis's testimony regarding the assault, as well as the corroborating testimony of Officer Ricardo Olveda, the investigating officer, and Leo Hernandez, Lewis's boyfriend. *See*

11

Section III(A)(3), *supra*.   Furthermore, the admission of Lewis's testimony concerning

Petitioner's prior threat was not likely to confuse the jury because the trial court gave the jury the

following limiting instruction prior to the testimony in question:

> The Court will limit the testimony for the purpose of proving motive, opportunity,
> intent, preparation and plan.   The jury is instructed that the testimony of the
> witnesses—witness in this next line of questioning is limited for that purpose only
> and no other.

(ECF No. 10-5 at 89).  A similar instruction was also given to the jury in the jury charge:

> You are instructed that if there is any testimony before you in this case regarding
> the defendant having committed crimes or acts other than the offense alleged
> against him in the indictment, you cannot consider said testimony for any purpose
> unless you find and believe beyond a reasonable doubt that the defendant
> committed such other crimes, if any were committed, and even then you may only
> consider the same in determining the motive, opportunity, intent, preparation,
> plan, knowledge, identity, or absence of mistake or accident of the Defendant, if
> any, in connection with the offense, if any, alleged against him in the indictment
> and for no other purpose.

(ECF No. 10-1 at 72-73, 78).

Thus, having reviewed the entire record from Petitioner's trial, the Court concludes the

admission of testimony concerning Petitioner's prior threat to the complainant did not render

Petitioner's trial fundamentally unfair.   Consequently, Petitioner has not shown that the state

court's resolution of this issue was contrary to, or was an unreasonable application of, clearly

established federal law as determined by the Supreme Court, and he is not entitled to relief on

this ground.

## C.     <u>Appellate Counsel</u> (Claim 1)

Lastly, Petitioner contends he received ineffective assistance of counsel during his direct

appeal proceedings.  A criminal defendant is constitutionally entitled to effective assistance of

appellate counsel when he has a right to appeal under state law.  *Evitts v. Lucey*, 469 U.S. 387

(1985); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).  The familiar standard set

out in *Strickland v. Washington*, 466 U.S. 668 (1984), to prove that counsel rendered unconstitutionally ineffective assistance applies equally to both trial and appellate attorneys. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013). Thus, to obtain relief, Petitioner must demonstrate that (1) appellate counsel's conduct was objectively unreasonable under then-current legal standards, and (2) there is a reasonable probability that, but for appellate counsel's deficient performance, the outcome of Petitioner's appeal would have been different. *See Robbins*, 528 U.S. at 285; *Higgins v. Cain*, 720 F.3d 255, 260-61 (5th Cir. 2015). Petitioner does not meet this requirement.

Petitioner contends appellate counsel was ineffective for failing to raise the above claims (insufficient evidence and trial court error) on direct appeal. As discussed previously, however, neither of these allegations have merit. Further, appellate counsel is not required to raise every possible non-frivolous claim on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").

Because neither of the above claims are meritorious, appellate counsel was not deficient for failing to raise them. For the same reason, there is no likelihood Petitioner would have obtained relief had they been raised on direct appeal, and therefore no prejudice was caused by appellate counsel's failure to raise the claims. Petitioner's allegation concerning appellate counsel was rejected by the state court during his state habeas proceedings, and Petitioner has not shown this rejection on the merits to be contrary to, or an unreasonable application of, the *Strickland* standard. *Richter*, 562 U.S. at 101. Federal habeas relief is therefore denied.

## IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings;  *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El,* 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

## V.  Conclusion and Order

After careful consideration, the Court concludes Petitioner has failed to establish that the state court's rejection of his allegations on the merits during Petitioner's state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial, appellate, and habeas corpus proceedings.  As a result, Petitioner's federal habeas corpus petition does not warrant relief.

14

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and Petitioner Victor Romero's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

**SIGNED** this the ___10___ day of June, 2024.

**ORLANDO L. GARCIA**
**United States District Judge**

15